```
___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

        SEP 0 4 2009

   CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
BY_____DEPUTY
```

1  RUBEN CALUGAY
2  ANITA CALUGAY
3  Plaintiffs in Pro Per
   1538 East Jahns Drive
4  Casa Grande, AZ 85222

5

6                    DISTRICT COURT OF ARIZONA

7
                        MARICOPA COUNTY
8

9  RUBEN CALUGAY                )          CASE NO:
10 ANITA CALUGAY                )
                                )
11            PLAINTIFFS        )   C V  09-1849-PHX- ECV
                                )
12 VS.                          )   COMPLAINT FOR DAMAGES AND RESCISSION
                                )
13 GMAC MORTGAGE; GMAC          )
   DOES 1 TO 50                 )
14            DEFENDANTS        )

15

16                          **COMPLAINT**

17

18

19    COMES NOW, PlaintiffS, RUBEN CALUGAY AND ANITA CALUGAY in

20 Pro Per who complain and allege as follows:

21

22
1. PlaintiffS, RUBEN CALUGAY AND ANITA CALUGAY, at all times
23
   relevant is or was the owner of real property commonly known as:
24
25 2758 S. ANDERSON LANE, GILBERT, AZ 85297.

26

27

28

                                 1

2. Defendant GMAC MORTGAGE, hereinafter referred to as "GMAC" is a company who on information and belief is conducting business in the State of ARIZONA and is qualified to conduct business in the State of ARIZONA.

3. The true names of Defendants named herein as DOES 1 through 50, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs who therefore sues said Defendants by such fictitious names; Plaintiffs are informed and believe and thereon allege that each of the Defendants so designated herein proximately caused and contributed to the facts herein alleged, and Plaintiffs will ask to leave of Court to amend the Complaint to insert the true names and capacity of DOES 1 through 50 when the same have been ascertained and to join such Defendants in this action.

4. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency employment.

5. On or about June 14, 2006, Plaintiffs executed an "Adjustable Rate Note" promising to pay GMAC Mortgage the sum of $258,400.00 by monthly payments.

6. The Adjustable Rate Note was $32,300.00 based upon a six
   months"LIBOR" Adjustable rate.

7. Plaintiffs allege that Defendants and each of them did
not explain the working of the interest rate, how it is computed
or its inherent volatility or interest only note.

8. Further, on information and belief, Plaintiffs allege
that the Defendants charged and obtained improper fees for the
placement of their loan as "sub-prime" when they qualified for a
prime rate mortgage which would have generated less in fees and
interest.

9. On information and belief, Plaintiffs allege that the
service of the purported note was, without their knowledge, by
some means may have transferred from or by Defendant either
completely or by association or other means to another Defendant
unknown to Plaintiffs provided services in various forms to
others which were of such nature to render them a "Servicer"
within the definition found within 26 U.S.C. S 2605.

10.   The Deed of Trust was recorded with the MARICOPA
County Recorder.


**FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. S 1611 et seq.)
Against all Defendants


11.   Plaintiffs repeat and reallege Paragraphs 1 through

3

10 as though fully set forth herein.

12.   On information and belief, Plaintiffs allege that Defendants GMAC Mortgage and each of them are agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

13.   On information and belief, Plaintiffs allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;

B. They have improperly retained funds belonging to Plaintiffs in amounts to be determined;

C. They have failed to disclose the status of the ownership of the loans.

14.   Plaintiffs further allege that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiffs.

15.   Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

16.   Plaintiffs further allege that they are entitled to

4

attorney fees according to statute in the event that they retain

counsel.

17.   On information and belief, Plaintiffs allege that

Defendants have acted in violation of the TILA act, willfully,

maliciously, oppressively fraudulently and in conscious

disregard for the rights of Plaintiffs and as such, Plaintiffs

are entitled to punitive damages.

## SECOND CAUSE OF ACTION
(Violation of 26 U.S.C. S 2605 et seq.)
Against ALL Defendants

18.   Plaintiffs repeat and reallege Paragraphs 1 through

10 as though fully set forth herein.

19.   Based upon information and belief, and on that basis

Plaintiffs allege that the Defendants and each of them fall

within the requirements of the Real Estate Settlement Procedures

Act (RESPA).

20.   Based upon information and belief, and on that basis

Plaintiffs allege that Defendants and each of them, placed loans

for the purpose of unlawfully increasing or otherwise obtaining

yield spread fees and sums in excess of what would have been

lawfully earned.

21.   Based upon information and belief, and on that basis

Plaintiffs allege that GMAC Mortgage individually or jointly, are "Servicers" as that term is used within the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. S 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice.

22.   Plaintiffs allege that these violations require rescission of the loan and a return of all funds received by Defendants from Plaintiffs.

23.   Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

24.   Plaintiffs further allege that they are entitled to attorney fees according to proof in the event that they retain counsel.

### THIRD CAUSE OF ACTION
(Violation of 15 U.S.C. S 1602 et seq.)
Against ALL Defendants

25.   Plaintiffs repeat and reallege Paragraphs 1 through 10 a though fully set forth herein.

26.   Based up information and belief, and on that basis Plaintiffs allege that the mortgage obtained by Plaintiffs through Defendants by means unknown and enforced by other Defendants herein falls within the purview of 15 U.S.C. S 1602

6

et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994" (HOEPA).

27. Based upon information and belief, and on that basis Plaintiffs allege that the loan was placed in a violation of the HOEPA act as it was placed and administrated and otherwise utilized without regard to Plaintiffs income or cash flow and with the intention of inducing a default.

28. Plaintiffs became aware of this upon discovery of Defendants intent to wrongfully foreclose and sell their property.

29. As a result and a legal consequence of the above actions, Plaintiffs have been damaged in a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**
(Violation of 15 U.S.C. S 1692)
Against ALL Defendants

30. Plaintiffs repeat and reallege Paragraphs 1 through 10 as though they fully set forth herein.

31. Based upon information and belief, Plaintiffs allege that Defendants and each of them are "Debt Collectors" either acting for them self or through agents as that term is used in the United States Code.

32. Plaintiffs allege that they duly and properly on more

than on the basis of reasonable verification of the debts under 15

U.S.C. S 1692, the Fair Debt Collection Practices Act (FDCPA).

33. Plaintiffs further allege that Defendants did not respond to their demands in such a way as to meet the requirements of the act.

34. Plaintiffs are entitled to statutory damages under the FDCPA.

## FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against ALL Defendants

35. Plaintiffs repeat and reallege paragraphs 1 through 10 as though fully set forth herein.

36. At all times relevant, Defendants created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiffs.

37. Defendants further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

38. Defendants breached their fiduciary duties owed to Plaintiffs as they have acted and continue to act for their own benefit and to the detriment of Plaintiffs.

39. Among other things, they may have placed and

8

negotiated loans without due care to the best interests of Plaintiffs or for the protection of their rights.

40.   As a consequence and proximate result of the breach of fiduciary duties, Plaintiffs have suffered economic damages, loss of funds and payment of fees improperly incurred in an amount to be proved by trial.

41.   On information and belief, Plaintiffs allege that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

## SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against ALL Defendants

42.   Plaintiffs repeat and reallege Paragraphs 1 through 10 as though fully set forth herein.

43.   Plaintiffs allege that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs. Additionally said covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiffs.

44.   Plaintiffs alleges that the commencement of

foreclosure proceedings upon the property lawfully belonging to Plaintiffs without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the implied covenant.

45.   As a consequence and proximate result, Plaintiffs have been damaged in a sum to be proven at trial.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)
Against ALL Defendants

46.   Plaintiffs repeat and reallege paragraphs 1 through 10 as though fully set forth herein.

47.   Plaintiffs seeks a determination as to the legal status of the parties to the Adjustable Rate Note and the Deed of Trust.

48.   Defendants claim that they are the lawful beneficiary.

49.   Defendants should be required to provide the original note and all subsequent notes with appropriate endorsements thereon so the court may determine under Arizona Law, who owns the property.

## EIGHTH CAUSE OF ACTION
(For Declaratory Relief)
Against ALL Defendants

50.   Plaintiffs repeat and reallege Paragraphs 1 through 10 as though fully set forth herein.

51.   A dispute has arisen between and among Plaintiffs and Defendants and each of them as to duties and obligations of the respective parties with regard to the loan and foreclosure.

52.   These disputes concern, but are not limited to, the ownership rights and the validity of the foreclosure process.

53.   Plaintiffs further allege that a declaration of rights and duties of the parties herein is essential to determine the actual status and validity of the loan, Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

WHEREFORE, Plaintiffs prays for damages as follows:

1. For compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00);

2. For punitive damages in the amount in excess of Twenty Five Thousand Dollars ($25,000.00);

3. For any statory or compensatory damages according to proof;

4. For rescission of the contract and loan.

5. For attorney's fees in the event that counsel is retained;

11

6. For such other and further relief as the Court deems just and proper.


DATED this _____4th_____ day of September, 2009



RUBEN CALUGAY
Plaintiff, In Pro Per

ANITA CALUGAY
Plaintiff, In Pro Per

12